UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

IAN NORMAN,

                    Defendant.

------------------------------------X

09 Cr. 1066-01 (RWS)

SENTENCING OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/10

**Sweet, D.J.**

On November 16, 2009, Ian Norman, a/k/a Ian Robinson, a/k/a/ Andrew Norman ("Norman" or "Defendant") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute approximately 263 Ecstasy pills, in violation of 21 U.S.C. § 841(b)(1)(C). For the reasons set forth below, Norman will be sentenced to 57 months' imprisonment to be followed by three years' supervised release. Norman will also be required to pay a special assessment of $100.

**Prior Proceedings**

On November 2, 2009, Information 09 CR 1066-01 (RWS) was filed in the Southern District of New York. Count 1 charges

1

that from at least April 2008 through August 31, 2009, in the Southern District of New York and elsewhere, Norman conspired to distribute and possess with intent to distribute approximately 263 Ecstasy pills, in violation of 21 U.S.C. § 841(b)(1)(C).

On November 16, 2009, Norman appeared before the Honorable Michael H. Dolinger in the Southern District of New York and allocated as charged pursuant to a plea agreement.

On February 2, 2010, the Court received a letter from counsel for Defendant requesting the imposition of a sentence below the minimum set forth in the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission. Enclosed with the letter were letters of support from Norman's friends and relatives as well as a letter from Norman himself.

Defendant's sentencing is currently scheduled for February 16, 2010.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in

United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

- (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

- (2) the need for the sentence imposed --

    - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    - (B) to afford adequate deterrence to criminal conduct;

    - (C) to protect the public from further crimes of the defendant; and

    - (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

- (3) the kinds of sentences available;

- (4) the kinds of sentence and the sentencing range established for --

    - (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

- (5) any pertinent policy statement ... [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 128 S. Ct 558, 571 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Norman's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

From June 16, 2009, through August 31, 2009, a confidential source ("CS") for the Bureau of Immigration and Customs Enforcement ("BICE") engaged in a number of consensually recorded telephone and in-person conversations with Norman, including several meetings in the Bronx, New York. During these conversations, the CS and Norman discussed narcotics distribution, including transactions involving Ecstasy.

On August 3, 2009, the CS engaged in a consensually recorded meeting with Norman in and around the McDonald's restaurant located at East 241st Street and Furman Road, Bronx, New York. During that meeting, Norman provided the CS with 263 pills of Ecstasy in exchange for $1,400 from the CS.

On August 28, 2009, the CS engaged in a consensually recorded meeting with Norman in which the CS and Norman

discussed a future transaction to include 2,000 Ecstasy pills that Norman was to sell to the CS for $10,000.

On August 30, 2009, and August 31, 2009, the CS engaged in several telephone conversations with Norman in which they agreed to conduct the 2,000-pill transaction on August 31, 2009 in the Bronx, New York. During the last of these conversations, Norman told the CS that he was leaving his apartment at 551 East 240th Street, Bronx, New York, to go to the pre-arranged meeting spot, where the CS told Norman that the CS was waiting.

On August 31, 2009, Norman was observed leaving his apartment carrying a gray and blue shopping bag. At this time, Norman was arrested. A search of the shopping bag revealed approximately 2,000 pills of Ecstasy.

Following Norman's arrest, BICE agents obtained written consent from Norman to search his apartment. Norman directed the agents to a kitchen cabinet that contained approximately 200 pills of Ecstasy, a digital scale, a heat sealer, small plastic bags, and packaging materials.

In a post-arrest statement, Norman stated that he was on his way to sell the Ecstasy pills in the shopping bag to an individual he referred to as "Short Man." He received up to 3,000 Ecstasy pills five or six times on consignment from his source of supply and sold what he received each time, after which he would settle the debt with the source. He also admitted to trafficking in marijuana, receiving, on occasion, up to 25 pounds of marijuana at a time.

According to the Government, Norman is responsible for distributing approximately 926 grams of Ecstasy, which includes the conduct described above, as well as a number of 100-pill purchases made by a confidential informant. Norman is not being held responsible for the marijuana he admitted to trafficking in his post-arrest statement.

## The Relevant Statutory Provision

Pursuant to 21 U.S.C. § 846, the maximum term of imprisonment is 20 years.

If a term of imprisonment is imposed, a term of supervised release of not less than three years is required,

pursuant to 18 U.S.C. § 841(b)(1)(C).

Defendant is eligible for not less than one nor more than five years' probation, pursuant to 18 U.S.C. § 3561(c)(1).

The maximum fine that may be imposed is $1,000,000, pursuant to 21 U.S.C. § 841(b)(1)(C). A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

[REDACTED]

**The Guidelines**

The November 1, 2009 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to § 1B1.11(a). Pursuant to a written plea agreement, the parties stipulate to the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

8

The guideline for the violation of 18 U.S.C. § 841(b)(1)(C) is found in § 2D1.1. Defendant conspired to distribute and possess with intent to distribute 926 grams of Ecstasy, which is the equivalent of 463 kilograms of marijuana pursuant to § 2D1.1, Application Note 10(E). The base offense level is therefore 28, pursuant to the Drug Quantity Table set forth in § 2D1.1(c)(5).

Based on his plea allocution, Defendant has shown recognition of his responsibility for the offense. Pursuant to § 3E1.1(a), the offense is reduced two levels. Furthermore, an additional one-level reduction is warranted, pursuant to § 3E1.1(b), because Defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Accordingly, the applicable offense level is 25.

Defendant has no prior criminal convictions. Therefore he has zero criminal history points and a Criminal History Category of I.

Based on a total offense level of 25 and a Criminal History Category of I, the Guidelines range for imprisonment is 57 to 71 months.

The Guidelines range for a term of supervised release is three years, the minimum required by statute, pursuant to § 5D1.2(c).

Because the applicable Guidelines range is in Zone D of the Sentencing Table, the defendant is not eligible for probation, pursuant to § 5B1.1, Application Note 2.

The fine range for the instant offense is $10,000 to $1,000,000 pursuant to § 5E1.2(c)(3)(A) and (c)(4)(A). Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,157.88 to be used for imprisonment, a monthly cost of $311.94 for supervision, and a monthly cost of $1,990.13 for community confinement.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Upon consideration of all of the factors, the Court concludes that the imposition of a Guidelines sentence is warranted.

**The Sentence**

For the instant offense, Norman will be sentenced to 57 months' imprisonment and 3 years' supervised release.

Norman is directed to report to the nearest United States Probation Office within seventy-two hours of release to commence his term of supervised release. It is recommended that Norman be supervised by the district of his residence.

As mandatory conditions of her supervised release,

11

Norman shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; (4) refrain from any unlawful use of a controlled substance; and (5) cooperate in the collection of DNA as directed by the probation officer. Defendant shall submit to one drug testing within fifteen (15) days of placement on probation or supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions:

(1) Defendant shall obey the immigration laws and comply with the directives of immigration authorities.

(2) Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner.

Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived. A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

Defendant shall forfeit a sum of money equal to the amount of all proceeds obtained as a result of the offenses of conviction. This amount has yet to be determined.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for February 16, 2010.

It is so ordered.

**New York, NY**
**February** *11*, 2010

ROBERT W. SWEET
U.S.D.J.